**William F. BROWN, Plaintiff,**

v.

**FRONTIER AIRLINES, INC., a Nevada corporation, Defendant.**

**Civ. A. No. C–1484.**

United States District Court
D. Colorado.

Nov. 3, 1969.

---

Theodore M. Smith, Denver, Colo., for plaintiff.

James E. Hautzinger, Denver, Colo., for defendant.

David Copus, Washington, D. C., for Equal Employment Opportunity Commission.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This action was brought seeking relief for alleged discriminatory employment practices in violation of 42 U.S.C. Section 2000e–2(a) which declares certain employment practices unlawful. Section 2000e–5(a) states:

"Whenever it is charged in writing under oath by a person claiming to be aggrieved * * * that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion."

Section 2000e–5(e) provides in pertinent parts:

"If, within thirty days after a charge is filed with the Commission * * * the Commission has been unable to obtain voluntary compliance * * *, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * * by the person claiming to be aggrieved * * *."

The defendant has moved to dismiss the complaint for its failure to state a claim upon which relief can be granted.

Briefs have been filed in support of and in opposition to the motion.

From the briefs, the complaint and the records in this case, it appears the plaintiff filed a complaint with the Commission as required by Section 2000e–5(a). After investigation, the Commission wrote the plaintiff:

"Based upon a full investigation of your case, the Commission has determined that the facts upon which your charge is based, do not constitute a violation of Title VII of the Civil Rights Act of 1964, and has issued the enclosed decision. Your charge was dismissed on the date on which the decision was signed.

"Enclosed is a notification which, if you so desire, you may use as a basis for suit in the U. S. District Court."

The plaintiff instituted this action within the 30-day period provided by Section 2000e–5(e).

In support of its motion, plaintiff contends that one of the jurisdictional re-

quirements to maintain this action is a determination by the Commission:

" * * * that there is reasonable cause to believe that the charge is true * * *."

and since the Commission found that the facts on which plaintiff based his charge do not constitute a violation of the Act, this Court is without jurisdiction.

Counsel have cited no reported cases dealing with this precise question. The Commission, in its brief refers to an unreported case, Aiken v. New York Times, 69 Civ. 548, Civ.Mot.Cal. (S.D.N.Y.1969), wherein Judge Edward C. McLean denied a motion to dismiss an action brought pursuant to the Act here in question. One of the grounds of the motion to dismiss was lack of jurisdiction because the Commission had dismissed the complaint of discrimination as being without probable cause. Judge McLean stated in part:

"The answer to this question is made difficult by the ambiguity of the language of the Act, and the unsatisfactory nature of its legislative history, which is fragmentary and contradictory.

"Judicial decisions which have considered the question are also in conflict. The Commission takes the position that plaintiff may sue under these circumstances. It has filed a brief in opposition to this motion.

"Bearing in mind the fundamental purpose of the statute to prevent discrimination, I take the view that the plaintiff is not bound by the Commission's adverse decision and that he is still entitled to a judicial determination of his claim. If Congress had intended that the Commission's decision be final and conclusive, presumably it would have said so in words clear enough to remove all doubt on the subject. I hold, therefore, that the Court has jurisdiction."

We agree and hold that a finding by the Commission, that there is reasonable cause to believe that the charge is true, is not a jurisdictional requirement for the maintenance of an action brought pursuant to Section 2000e–5(e), and that the finding by the Commission in this case that the facts do not constitute a violation of the Act does not deprive this Court of jurisdiction to judicially determine the plaintiff's claim.

The motion to dismiss should be denied.

It is therefore ordered that defendant's motion to dismiss is denied, and the defendant shall answer the complaint within fifteen days from this date.